## Kelvinator-Philadelphia, Inc., v. Timmler

*Wessel, Bennett & Weiss,* for plaintiff.
*Taylor, Robey, Hoar & Nicholson,* for defendant.

SMITH, P. J., January 7, 1932.—The plaintiff has filed a rule for judgment for want of a sufficient affidavit of defense. The plaintiff, on July 2, 1929, under a conditional sales agreement, sold and delivered to the defendant a refrigeration equipment of the value of $4356, to be installed in the apartment house of the defendant at Sixteenth and St. Luke Streets, Philadelphia. The agreement was properly recorded in the office of the Prothonotary of the Court of Common Pleas of Philadelphia County. The condition of the agreement is: "Cash when mortgage is placed."

The written agreement provided:

"In case of default by the purchaser of any of his obligations under this contract . . . the entire amount shall become immediately due and payable and the purchaser hereby consents that the seller or his assigns may collect the amount due, or without notice or liability for damages, take possession of said merchandise without process of law, wherever found, all payments made by the purchaser to be deemed and considered as having been made for the use of, and liquidated damages on, said merchandise, and shall be retained by the seller or his assigns, and the seller or his assigns may resell such merchandise so taken at public or private sale."

Payment not having been made, on April 11, 1931, the plaintiff caused a writ of replevin to issue and the sheriff seized and took the equipment from the defendant and delivered it to the plaintiff. The affidavit of defense admits the agreement, but avers that since he has not been able to place a mortgage on his apartment house, he has not been able to pay for the equipment and that since the placing of the mortgage was a condition precedent to any obligation to pay for the equipment, nothing was due and owing at the time the writ issued. The plaintiff thereupon filed the rule for judgment for want of a sufficient affidavit of defense.

The parties are bound by the terms of the written agreement. The time for payment was not fixed. The condition was: "Cash when mortgage was placed." The mortgage had not been placed up to the time that the writ of replevin issued. Twenty-one months had elapsed. The property subject to the conditional sale was most likely depreciating in value. It is contrary to good business sense to find that the parties agreed that the time of payment was to be postponed until some indefinite time in the future. Where the time is not fixed and payment depends upon the happening of some contingency in the future to be brought into being by a defendant, upon demand being made, payment must be made within a reasonable time after the contingency has not happened. The affidavit of defense does not show what efforts, if any, were made by the defend-

ant to obtain a mortgage on his property. It is admitted that he secured none for a period of twenty-one months.

In 13 C. J. 632, Sec. 701, it is stated:

"Stipulation merely fixing time. Where, from the contract, it appears that a stipulation for payment on receipt of a specified fund, or a provision indicating the source from which a fund for payment or performance is to be procured, is inserted merely for the purpose of fixing the time at which performance shall become due, such stipulations will not be regarded as evidencing conditions precedent, but performance may be demanded within a reasonable time after the fund should have been realized or the contingency from which it is to be secured should have happened."

In this particular case, twenty-one months is more than a reasonable time in which to place a mortgage. The placing of the mortgage is not a condition precedent. The doing of such a thing was an indefinite method of fixing the time of payment. It logically follows that if it was impossible to create a mortgage, the defendant could not enforce any rights under the agreement. In any event, having failed to make the payment within a reasonable time, the plaintiff is entitled to enforce his rights under the agreement.

*Decree.*—And now, to wit, January 7, 1932, the rule for judgment for want of a sufficient affidavit of defense is made absolute.